UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>ALLEN SINGLETON and DEBRAANN NEYERS-SINGLETON<br><br>Debtor(s)<br>ALLEN SINGLETON and DEBRAANN NEYERS-SINGLETON,<br><br>Plaintiff(s)<br>OLD REPUBLIC EQUITY CREDIT SERVICES, INC.,<br>an Illinois corporation,<br><br>Defendant(s) | ) BK No.: 12-05911<br>)<br>) Chapter: 13<br>)<br>) Honorable Bruce W. Black<br>)<br>)<br>)<br>) Adv. No.: 12-00725<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

On April 20, 2012, the Adversary Complaint of Allen Singleton and Debraann Neyers-Singleton, came before this Court, upon proper notice, for hearing on the Plaintiffs' Motion for Entry of a Default Judgment against Defendant, Old Republic Equity Credit Services, Inc.. The Court having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of the Plaintiffs in this matter.

FINDINGS OF FACT

1. Plaintiffs are the owners of an improved parcel of residential real estate ("the Subject Property") commonly known as 31850 South Barr Road, Wilmington, IL 60481 which is legally described as follows:

LYING AND BEING LOCATED IN THE TOWNSHIP OF FLORENCE, COUNTY OF WILL, STATE OF ILLINOIS; ALL THAT CERTAIN PARCEL OR TRACT OF LAND KNOWN AS: THE NORTH 211.00 FEET OF THE SOUTH 518.42 FEET OF THE WEST 1035.00 FEET OF THE EAST 1700.67 FEET OF THE SOUTH ½ OF THE SOUTHEAST 1/4 OF SECTION 30, TOWNSHIP 33 NORTH, RANGE 10 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS

P.I.N. 09-18-30-400-107

2. The Subject Property is the Plaintiffs' principal residence.
3. A Desktop Underwriter Quantitative Analysis Appraisal Report is attached to the Motion for Entry of Order of Default and Entry of Judgment. The Appraisal Report states that the fair market value of the Subject Property is $225,000.00

4. GMAC Mortgage Corp., holds a 1st mortgage on the Subject Property and as of the Petition Date, February 17, 2012, there was due and owing on said mortgage the sum of $301,364.00

5. Old Republic Equity Credit Services, Inc. holds a 2nd mortgage lien on the Subject Property. Old Republic Equity Credit Services, Inc., has filed a proof of claim, Claim # 9, reflecting that upon strip down of its lien, it holds and unsecured claim in the amount of $62,954.75.

7. As of the Petition Date, the amount due and owing on the 1st mortgage lien exceeds the value of the Subject Property.
8. The Debtors' Chapter 13 Plan provides that Defendant, Old Republic Equity Credit Services, Inc.'s, claim shall be treated as an unsecured non priority claim.

CONCLUSION OF LAW
1. The Court has jurisdiction under 28 U.S.C. § 1334(b) to adjudicate, approve and enforce a Debtor's Chapter 13 Plan. Moreover, the Court has jurisdiction that upon confirmation and completion of said Plan to determine that the Defendant's 2nd lien will no longer be secured by the Subject Property.
2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 U.S.C. § 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien however can be voided and cancelled and therefore may be eliminated through a Chapter 13 Plan. See, First Bank, Inc. v. Van Wie, 2003 WL 1563959 (S.D.Ind. 2003); In re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In re Pond, 2001 U.S.App. Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir. 2000); Bartee v. Tara Colony Homeowners Assoc., 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir. BAP 1357); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000). There cannot be any equity securing the lien at the time of valuation and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing, June 17, 2011, the amount due on the 1st mortgage and the $8,000.00 due on the 2nd mortgage exceeded the value of the Subject Property. Accordingly, the Defendant's 3rd and 4th mortgage liens are wholly unsecured and may be avoided and cancelled.

4. The Defendant's 2nd mortgage lien have been proven to be wholly unsecured and pursuant to 11 U.S.C. § 506 can be cancelled upon successful completion of the Debtors' Chapter 13 Plan.
5. The secured claims of the Defendant, Old Republic Equity Credit Services, Inc., against the Subject Property located at 31850 South Barr Road, Wilmington, IL 60481 is valued at zero.

6. The Plaintiffs are entitled to a Judgment Order declaring that, upon successful completion of the Debtors' Chapter 13 Plan and entry of Debtors' discharge, the lien of the Defendant, Old Republic Equity Credit Services, Inc., will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the Debtors' discharge.

Enter: /s/ Bruce W. Black

Honorable Bruce W. Black
United States Bankruptcy Judge

Dated: 20 JUL 2012

Rev: 20110318_apo

**Prepared by:**

David R. Herzog
Herzog & Schwartz, P.C.
77 W. Washington Street, Suite 1717
Chicago, IL 60602
312-977-1600